# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William L. Thompson II, Michelle D. Thompson,
Kelsie A. Thompson, Lindsay M. Thompson and
Jacob Z. Thompson, Plaintiffs Below,
Petitioners**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-1511** (Harrison County 10-C-391)

**Hope Gas, Inc. d/b/a Dominion Hope,
Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioners William L. Thompson II, Michelle D. Thopmson, Kelsie A. Thompson, Lindsay M. Thompson, and Jacob Z. Thompson, by counsel T. Keith Gould, appeal the Circuit Court of Harrison County's order entered on September 26, 2011, granting respondent's motion for summary judgment. Respondent Hope Gas, Inc. d/b/a Dominion Hope ("Dominion Hope") by counsel Lori A. Dawkins and Allison Farrell, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed a complaint in the instant action alleging exposure to carbon monoxide caused by a malfunction in the home's furnace or the furnace ventilation system. Petitioners specifically alleged negligence against Dominion Hope after respondent's serviceman turned off petitioners' gas service for failing to pay the bill. The serviceman generated a "red tag" for the furnace indicating that the furnace was unsafe due to the ventilation pipe. He restored gas service to the rest of the home, but left the gas to the furnace off. Petitioners allege that the serviceman owed a duty of care not to restore gas service because the furnace was unsafe. Thereafter, petitioners had laypeople attempt to fix the furnace, and the next day the landlord sent a certified HVAC repairman. The gas was restored to the furnace by someone other than respondent.

Dominion Hope moved for summary judgment, arguing that petitioners failed to produce a witness to testify on Dominion Hope's standard of care and that petitioners' allegations that Dominion Hope should have examined the repairs to the furnace are baseless. Dominion Hope also argued that its repairman followed the proper safety procedures and, without an expert, petitioners cannot dispute that the procedures are not within accepted industry standards. The circuit court granted Dominion Hope's motion for summary judgment, finding that petitioners

1

could not meet their burden of proof because they failed to retain an expert to testify on the standard of care in the industry and thus could not prove that Dominion Hope violated the standard of care. Moreover, the circuit court found that Dominion Hope did not owe petitioners a duty of care and therefore could not have breached a duty of care.

This Court reviews the circuit court's entry of summary judgment under a de novo standard of review. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party . . . ." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

On appeal, petitioners first argue that the circuit court erred in requiring petitioners to present a standard of care expert in a simple negligence claim. Petitioners argue that their claims are twofold: (1) whether respondent's serviceman gave adequate notice to petitioners of the dangerous conditions regarding the furnace's ventilation pipe and (2) whether it was negligent to restore gas service under the conditions presented. Petitioners argue that the circuit court erred in requiring expert testimony in this case, as West Virginia case law does not require standard of care experts outside of medical negligence.

Dominion Hope argues that the circuit court correctly found that an expert was needed in this case, because an ordinary layperson would not know what duties a gas serviceperson was required to follow and would not know the industry standard for a utility. Dominion Hope further argues that petitioners attempt to impose a higher duty upon it than necessary; namely, a requirement that a utility would have to return to any home where an appliance needed repair and examine the repair to ensure that it was made properly.

In order to establish a prima facie case of negligence, petitioners have to show that respondent had a duty to petitioners, and that respondent violated that duty. Syl. Pt. 3, *Aikens v. Debow,* 208 W.Va. 486, 541 S.E.2d 576 (2000). Moreover, the determination of whether a defendant owes a duty to the plaintiff is a question for the court. *Id*. at 498, 541 S.E.2d at 588. Where a matter is beyond the competency of a layperson, then an expert must be employed. As this Court has stated:

> A determination by the trial court as to whether a plaintiff has presented sufficient evidence, absent expert testimony, such that the jury from its own experience can evaluate the claim, its causal connection to the defendant's conduct and the damages flowing therefrom will not be disturbed unless it is an abuse of discretion.

Syl. Pt. 4, *Tanner v. Rite Aid of W.Va., Inc.*, 194 W.Va. 643, 461 S.E.2d 149 (1995). In the present case, petitioners have not shown any breach of a duty owed by Dominion Hope. This Court finds no error in the circuit court's order granting summary judgment under the facts present herein.

Petitioners next argue that the circuit court erred in substituting its factual judgment for that of the jury while ignoring material facts and failing to identify the applicable legal duty.

2

Petitioners argue for the adoption of a Virginia case which lays out the duty of a utility regarding defects in a customer's equipment, and then argues that the circuit court erred in not discussing the Virginia case. In response, Dominion Hope argues that summary judgment was proper as no juror could find that Dominion Hope breached a duty under any reasonable standard. Dominion Hope also argues that petitioners attempt to require it to examine repairs made by repairmen not employed by Dominion Hope, and that such a requirement would shift the repair burden from the repairmen to the utility. Moreover, Dominion Hope adds that the West Virginia Code places the duty of appliance repair and maintenance on the natural gas customer, not the utility.

This Court finds no merit in petitioners' argument. This Court declines to adopt the Virginia case cited by petitioners, and finds no error in the circuit court's failure to discuss nonbinding precedent in its decision.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II